

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-404-CV

BOB CLIFTON, INDIVIDUALLY                                     APPELLANT
AND D/B/A WATCHDOG
SOCIETY OF DENTON

V.

MARK A. BURROUGHS                                            APPELLEE

------------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Bob Clifton, individually and D/B/A Watchdog Society of
Denton, attempts to appeal from (1) an order granting summary judgment in
favor of Appellee Mark A. Burroughs, (2) an order denying Clifton's plea to the
jurisdiction and special exceptions, and (3) an order granting Burroughs's

---

[1] *See* Tex. R. App. P. 47.4.

motion to compel. Burroughs, however, filed a motion to dismiss Clifton's appeal, claiming that this court is without jurisdiction to entertain an appeal from any of the three orders. We will dismiss the appeal for want of jurisdiction.

When there has not been a conventional trial on the merits, an order or judgment is not final for the purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

Here, Burroughs alleged in his first amended petition that Clifton violated numerous sections of chapters 252, 253, and 254 of the Texas Election Code. As part of his "Plea to the Jurisdiction, General Denial, Special Exceptions, Counter-claim, and Request for Disclosure," Clifton alleged the following counterclaims against Burroughs: false and malicious statements, malicious prosecution, abuse of process, intentional infliction of emotional distress, and tortious interference with contract. Burroughs successfully moved for summary judgment on each of Clifton's counterclaims, but he did not move for summary judgment on any of his own claims against Clifton. Indeed, the trial court's order granting Burroughs's motion for summary judgment specifically states that "all *Counterclaims* made by [Clifton], . . . against [Burroughs], . . . are

2

hereby DISMISSED in their entirety." [Emphasis added.] The trial court has not entered a severance order in this case. Because the trial court granted Burroughs summary judgment on Clifton's counterclaims only, Burroughs's claims against Clifton remain pending. Consequently, the order granting Burroughs's motion for summary judgment is not a final, appealable order. *See Lehmann*, 39 S.W.3d at 205. We therefore lack jurisdiction over Clifton's appeal from the order.

Section 51.014(8) of the civil practice and remedies code provides that a person may appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a "governmental unit" as that term is defined in section 101.001. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008). "Governmental unit" is defined in part as "this state and all the several agencies of government that collectively constitute the government of this state," a political subdivision of this state, an emergency service organization, and "any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution." *See id*. § 101.001(3) (Vernon 2005). Clifton is not a "governmental unit" as that term is defined. Therefore, we do not have jurisdiction over Clifton's appeal from the trial court's order denying his plea to the jurisdiction.

3

The trial court's order granting Burroughs's motion to compel orders Clifton to "appear for oral deposition" at a certain time and place. An order granting a motion to compel discovery is a non-appealable, interlocutory order. *See Jack B. Anglin Co. Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *see also Christensen v. Christensen*, No. 04-07-00118-CV, 2007 WL 2935560, at *1 (Tex. App.—San Antonio Oct. 10, 2007, no pet.) (mem. op.). Nor is it an appealable interlocutory order as provided by the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b) (Vernon Supp. 2008), § 51.014 (Vernon 2008), § 171.098 (Vernon 2005). We therefore lack jurisdiction over Clifton's appeal of the trial court's order granting Burroughs's motion to compel.

Having determined that we lack jurisdiction over Clifton's appeal from the trial court's order granting Burroughs's motion for summary judgement, Clifton's appeal from the trial court's order denying his plea to the jurisdiction, and Clifton's appeal from the trial court's order granting Burroughs's motion to compel, we dismiss Clifton's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

PER CURIAM

PANEL: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: December 23, 2008

4